United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40377
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORENZO HOWARD, also known
as Big Lo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-16-4-LED
_____

Before REAVLEY, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lorenzo, a.k.a. "Big Lo" Howard ("Howard") argues that his 16-count conviction for gang-related conspiracy, racketeering, drug and firearms offenses was not supported by sufficient evidence. He also argues that his sentence to over 131 years' imprisonment is so disproportionate to the crime that it constitutes a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, especially considering that his co-conspirators received sentences ranging from 10-20 years in prison pursuant to plea agreements. Howard maintains that the district court committed various errors

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in calculating his sentencing range under the Sentencing Guidelines. We find his arguments unavailing and affirm his conviction and sentence.

Testimony at trial demonstrated that Howard was among the principal members of a violent street gang, the East Side Locos (ESL), operating in Tyler, Texas. Trial evidence also showed that the ESL attempted to expand its influence in Tyler by killing members of rival gangs, selling drugs, obtaining firearms, committing burglaries, and generally instilling fear in the community.

Howard was convicted of a RICO conspiracy in violation of 18 U.S.C. § 1962(d); a drug distribution conspiracy and substantive distribution counts in violation of 21 U.S.C. §§ 841(a)(1) and 846; violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); use or carrying of firearms during and in relation to crimes of violence and drug trafficking crimes in violation of 18 U.S.C. § 924(c); possession of an illegal firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; witness tampering in violation of 18 U.S.C. § 1512(b); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In contending that his sentence of 131 years' imprisonment violates the Eighth Amendment, Howard characterizes himself as one of the least involved members of the conspiracy, who, because he refused to accept a plea agreement, received a much longer sentence than any of his co-conspirators, most of whom were more culpable

2

than he for the offenses committed in furtherance of the conspiracy. The record does not show that he was only minimally involved in gang activity. Furthermore, the disparity between Howard's sentence and those of his co-conspirators is a result of Howard's decision to reject the United States' offer of a plea agreement. That was his decision, and is not a basis on which to overturn a conviction or sentence as violative of the Eighth Amendment.

Of Howard's total sentence, 110 years are attributable to the five gun counts of which he was convicted. This portion of Howard's sentence is the result of mandatory minimum, consecutive sentences established by Congress in 18 U.S.C. § 924(c). Pursuant to § 924(c)(1)(A)(iii), if a firearm is discharged, the minimum sentence to be imposed is ten years. Furthermore, § 924(c)(A)(C)(i) mandates that subsequent offenses under § 924(c) should result in a minimum consecutive sentence of twenty-five years. The district court, thus, followed Congressional guidance in sentencing Howard to ten years for Count 12 and to twenty-five years for each of Howard's four subsequent offenses under this statute.

With regard to the gun offenses, Howard argues that the evidence was insufficient to support his conviction on Count 16, which arose when police found three weapons in the house leased by Howard. Howard also contends that the Government did not prove that he possessed the weapons in connection with a crime of

3

violence or a drug trafficking crime, as required by 18 U.S.C. § 924(c). Howard relies on the account of his brother, Rodgerick, who testified at trial that the drugs found at the house were his and that the weapons did not belong to Howard. Trial testimony also included statements by three ESL gang members who testified that Howard and other gang members sold drugs out of that house and that Howard possessed the guns found in the house.

In reviewing a claim for insufficiency of evidence, we "must view the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury[.]" United States v. McCord, 33 F.3d 1434, 1439 (5th Cir. 1995). There was evidence before the jury that showed that Howard leased the house, that Howard and other gang members used the house for storing weapons and selling drugs, and that Howard possessed the weapons seized at the house. Because we accord substantial deference to the jury's apparent acceptance of the gang members' testimony over that of Howard's brother, we find the evidence supporting the conviction on this count sufficient.

Howard further contends that the evidence supporting the other gun counts was insufficient, largely because he was in jail at the time the offenses were committed by ESL members. These offenses stemmed from three shootings that occurred in June and October 2000 and May 2001. The record shows that Howard was in jail at those times. Howard argues that he should not have been liable for these

4

offenses because no evidence at trial demonstrated that he participated in, encouraged, or even was aware of these offenses.

Howard's argument is unpersuasive. In a conspiracy "an overt act of one partner may be the act of all without any new agreement specifically directed to that act" if the act is done in furtherance of that conspiracy. Pinkerton v. United States, 328 U.S. 640, 647 (1946). Here, the record clearly shows that the shootings were committed to advance the ESL's goals of retaliating against rival gangs and expanding its influence in Tyler. Although Howard was in jail during the commission of these offenses, he was indisputably a member of this gang who, the evidence at trial showed, never attempted to withdraw from the conspiracy, even while he was incarcerated. Moreover, his writing of a threatening letter warning a fellow gang member not to cooperate with the police investigation of the May 2001 shooting belies his argument that he neither knew of nor encouraged the offense. Therefore, he was appropriately held liable under Pinkerton for these offenses committed by the other gang members in furtherance of the conspiracy.

We also find no error in the district court's calculation and application of the Sentencing Guidelines. Specifically, we note that the record demonstrates that the district court properly considered as relevant conduct the April 1997 and May 2001 attempted murders because the record shows that they were both

5

foreseeable to Howard and were within the scope of the conspiracy that he joined. Trial testimony indicated that Howard was present during the altercation that resulted in the April 1997 gunfight in which one ESL member was killed. Furthermore, Howard later attended a meeting at which gang members discussed possible retaliation for the killing. Howard wrote a threatening letter from prison warning a fellow gang member not to cooperate in the police investigation of the May 2001 attempted murder. We therefore conclude that the district court did not err in including these attempted murders as relevant conduct under U.S.S.G. § 1B1.3.

We have reviewed Howard's other arguments regarding the calculation and application of the Sentencing Guidelines and find them unpersuasive. In sum, we find no error in the district court's conviction of Howard and in its calculation and application of the Sentencing Guidelines. Therefore, the conviction and sentence imposed by the district court are

AFFIRMED.